SC:JPL:CAO/SSS
F.# 2013R01051

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JASON GREEN,

              Defendant.

I N F O R M A T I O N

Cr. No. 13-CR-442 (ENV)
(T. 18, U.S.C., §§
981(a)(1)(C), 1349 and 3551
et seq.; T. 21, U.S.C., §
853(p); T. 28, U.S.C., §
2461(c))

- - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1. The defendant JASON GREEN, together with others (collectively, the "Conspirators"), engaged in a fraudulent scheme referred to herein as the "Advance Fee Scheme." The Advance Fee Scheme involved making false promises to investors ("Advance Fee Victims") to induce them to pay fees for non-existent services to sell their illiquid penny stock shares.

2. The defendant JASON GREEN was a United States citizen who lived at various times in Bangkok, Thailand, and North Carolina. The acts taken by GREEN in furtherance of the Advance Fee Scheme described herein all occurred in or about and between January 2009 and July 2013, both dates being approximate and inclusive.

3. A penny stock was a publicly traded equity security that had a share price of less than five dollars. Most of the stocks involved in the Advance Fee Scheme were listed on the Pink Sheets, a stock quotation system for such penny stocks. The companies that traded on the Pink Sheets generally did not meet the minimum listing requirements for trading on a national securities exchange, such as the New York Stock Exchange or the National Association of Securities Dealers Automated Quotations ("NASDAQ") Stock Market.

4. To carry out the Advance Fee Scheme, the Conspirators, including the defendant JASON GREEN, fraudulently solicited Advance Fee Victims to pay advance fees that purportedly would enable the Advance Fee Victims to sell their nearly worthless penny stocks at a profit. The Conspirators invented non-existent businesses such as law firms, consulting agencies and other companies (the "Fake Companies") as part of the scheme to convince the Advance Fee Victims to pay a fee in advance of selling securities. The Fake Companies' fees came in the form of phony commissions, regulatory fees or taxes, or some other fictitious expenses. The Conspirators knew that once the "advance fee" was paid they would keep the advance fees for their own purposes and do nothing for the Advance Fee Victims in return.

5.  The Conspirators, including the defendant JASON GREEN, posed as employees of the Fake Companies including the Madden Group, Inc. ("Madden Group"), Smith, Shore and Jenkins ("Smith Shore"), Benson Sinclair and Select American Transfer Company ("Select ATC"); and actual entities such as the Internal Revenue Service ("IRS"), among others. In reality, the Conspirators had no official role at the Fake Companies or the IRS. In fact, the Madden Group, Smith Shore, Benson Sinclair and Select ATC, and others, solely existed to facilitate the Advance Fee Scheme. To this end, the Conspirators created bank accounts, phone numbers, stationery, email accounts and websites solely to communicate with potential and actual victims of the Advance Fee Scheme.

6.  The Conspirators maintained calling centers in Vietnam, Thailand and Canada. The Advance Fee Victims lived in countries throughout the world. Beginning on or about March 1, 2013, one of the Conspirators began recruiting additional people to open new calling centers in Brooklyn, New York, and Toronto, Canada. These recruiting efforts included multiple telephone calls from Bangkok, Thailand, to Brooklyn, New York.

7.  Individuals, acting at the direction and control of the Conspirators, including the defendant JASON GREEN, placed phone calls from the calling centers (the "Callers") to actual and potential victims. Among other roles, the defendant JASON

-3-

GREEN personally participated in fraudulent telephone calls to the Advance Fee Victims. The Callers falsely claimed to represent unidentified buyers interested in purchasing the Advance Fee Victims' restricted stock at an attractive price. On these occasions, the Callers falsely advised the Advance Fee Victims that they needed to pay a fee prior to any stock sale for a legal opinion regarding the sale of "restricted stock" ("Legal Opinion Fee").

8. On other occasions, the Callers, including the defendant JASON GREEN, falsely claimed to be associated with a law firm that sought to sue the stock companies. The Callers falsely advised the Advance Fee Victims who sought to join the lawsuit that they needed first to pay a fee ("Lawsuit Fee").

9. Shortly after the Advance Fee Victims agreed to pay the Legal Opinion Fee or the Lawsuit Fee, they received an invoice for the fee via email. Once the Advance Fee Victims paid the Legal Opinion Fee or the Lawsuit Fee, the Callers advised the Advance Fee Victims that they owned "warrants" in addition to the shares of stock held.

10. A warrant, or stock warrant, was a security issued by a corporation. The owner could redeem the warrant for shares of stock in the company for a predetermined price. A warrant could be traded on an exchange and could have a very long duration to expiration or no expiration at all.

-4-

11. The Callers, including the defendant JASON GREEN, falsely advised the Advance Fee Victims that the unidentified purchaser was also interested in purchasing their warrants at an attractive price, but first, a fee had to be paid to convert the warrants into a saleable security ("Warrant Conversion Fee"). The Callers again falsely advised the Advance Fee Victims that their payment of the Warrant Conversion Fee would result in the unnamed investors depositing funds directly into the Advance Fee Victims' accounts to purchase the warrants.

12. Before any payment was made, however, the Conspirators, including the defendant JASON GREEN, sent each Advance Fee Victim, via emails across state and international lines, a notice that the IRS required advance payment of approximately 30 percent of the transaction in taxes before the sale could be consummated (the "IRS Fee"). These emails contained false and fraudulent communications purporting to issue from employees of the IRS with names such as "Daniel Summers" and "Trevor Duncan." The Conspirators created these fictitious IRS documents and personas solely for the purpose of defrauding the Advance Fee Victims.

13. After payment of the required advance fees, none of the Advance Fee Victims received the anticipated sales proceeds. During the course of the Advance Fee Victims' dealings with the Conspirators, through the various Fake Companies, the

Advance Fee Victims received letters, forms, invoices, wire instructions, and other documents from the Fake Companies via email and fax. The Advance Fee Victims also sent completed documents, receipts and requested forms back to the Fake Companies by email or fax.

14. The Conspirators, including the defendant JASON GREEN, directed the Advance Fee Victims to wire the Legal Opinion Fee, the Lawsuit Fee, the Warrant Conversion Fee and the IRS Fee through Citibank in New York City, to Credit Card Services Company SAL, which then passed through Citibank's Funds Transfer Network ("FTN"), which was located in Getzville, New York. The fees were then sent to a Citibank account maintained in Beirut, Lebanon.

15. In 2009 and 2010 alone, the proceeds of the Advance Fee Scheme totaled more than $5 million. Those proceeds were wired to bank accounts throughout the world, where the Conspirators used those fraudulently obtained funds for their own purposes.

## CONSPIRACY TO COMMIT WIRE FRAUD

16. The allegations contained in paragraphs one through fifteen are realleged and incorporated as if fully set forth in this paragraph.

17. On or about and between January 1, 2008 and July 31, 2013, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant JASON GREEN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Advance Fee Victims, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises related to the Advance Fee Scheme, and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

18. The United States hereby gives notice to the defendant that, upon conviction of the offense charged in the sole count of the information, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)(1), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2013R01051
FORM DBD-34
JUN. 85

No. 13-CR-442 (ENV)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*JASON GREEN,*

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 981(a)(1)(C), 1349 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c).)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* ____

_____
*Clerk*

*Bail, $* _____

*Christopher Ott, Assistant U.S. Attorney (718) 254-6154*